# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREA JOHNSON | CIVIL ACTION |
| VERSUS | NUMBER 09-150-FJP-DLD |
| TALMADGE BUNCH, SHERIFF EAST FELICIANA PARISH, ET AL. | |

## MAGISTRATE JUDGE'S REPORT

This civil rights action is before the court on defendants' motion for summary judgment, which has been opposed and referred to the undersigned for a report and recommendation (rec. docs. 12 and 19). Defendants' motion seeks dismissal of all of plaintiff's claims, which include claims brought pursuant to 42 U.S.C. §§1983 and 1988, the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution, and for conspiracy to commit constitutional violations.

### Factual Background

Based on the exhibits produced by the parties in connection with the motion, the following uncontroverted facts are established. In 2008, defendant East Feliciana Parish Sheriff's officer Sergeant Kevin Garig (defendant Garig) was the lead investigator on several residential burglaries in East Feliciana Parish. On March 14, 2008, defendant Garig responded to a report of a residential burglary at the home of Larry Wilson, Jr. and uncovered facts regarding a potential suspect named Jarrell De' Andre Lewis (rec. doc. 12-3, Exhibit A). That same day, defendant Garig questioned Jarrell De' Andre Lewis in the presence of his father Tracey James Harris, and Lewis admitted that he and plaintiff

Andrea Johnson were involved in the March 14, 2008, burglary of the home of Larry Wilson, Jr.(Id., Exhibit C). Lewis produced several items taken during the burglary. Id. Based on Lewis' statement, on March 18, 2008, defendant Garig obtained an arrest warrant for plaintiff Johnson from Justice of the Peace Nellie Thomas for charges of simple burglary of an inhabited dwelling (Id., Exhibits A and F). Defendant Garig arrested plaintiff Johnson at his place of employment on March 27, 2008 (Id.; rec. docs. 1 and 19).[1]

On April 11, 2008, defendant Garig met with Lewis and his father again, at which time Lewis informed Garig that he and plaintiff also burglarized the home of Gladiola Williams and the Lane Plantation.[2] (Id., Exhibits C and G). Additionally, Lewis' father, Tracey Harris, reported that plaintiff told him, in the presence of Lewis, that plaintiff had burglarized the Lane Plantation and was worried that he had been caught on video camera (Id., Exhibits C and D). Based on the information from Lewis and Harris, defendant Garig obtained another warrant from Justice of the Peace Raymond D. Williams for the arrest of plaintiff Johnson for the crimes of contributing to the delinquency of a minor and simple burglary of an inhabited dwelling. (Id., Exhibits A and G). On April 11, 2008, defendant Garig attempted to stop plaintiff in connection with this latest arrest warrant, but plaintiff refused to stop and reportedly "operated his vehicle at a high rate of speed on the wrong

---

[1] Neither party explains what happened next, but plaintiff must have been released on this charge because he was not incarcerated when he was next arrested on April 11, 2008.

[2] Pursuant to Garig's offense report attached to plaintiff's opposition, the burglary of Gladiola Williams' home occurred on March 19, 2006 (rec. doc. 19, Exhibit A). The arrest warrant applications are based on the burglaries to Larry Wilson, Jr.'s home (March 14, 2008) and the Lane Plantation (June 28, 2007) (rec. doc. 12, Exhibits F and G). The arrest warrant applications do not reference the March 19, 2006, burglary of Gladiola Williams' home. Id.

side of the road while fleeing" (rec. doc. 19, Exhibit A). Eventually, plaintiff pulled into the driveway of the home of his aunt Gladiola Williams where he was arrested. Id.

Thereafter, plaintiff was transported to the East Feliciana Parish Jail where he alleges that he remained for four months (rec. doc. 1). After plea discussions between plaintiff, plaintiff's counsel, and the District Attorney's Office of the 20th Judicial District Court, plaintiff entered into a plea agreement whereby the charges of simple burglary were amended and plaintiff Johnson pled guilty of the crime of aggravated flight from an officer (rec. doc. 12, Exhibit E).

As a result of the arrests and incarceration, plaintiff brought suit against defendants for violations of 42 U.S.C. §§1983 and 1988, for violations of the Fourth, Sixth, and Fourteenth Amendments of the United States Constitution, and for conspiracy to commit constitutional violations (rec. doc. 1). Plaintiff alleges that the actions of defendant Garig were committed at the direction of his supervisor defendant Bunch or with Bunch's knowledge or consent. Plaintiff seeks compensatory damages, attorney's fees, and costs, including punitive damages in the amount of $3,000,000 (rec. doc. 1).

**Arguments of the Parties**

Defendants advance several arguments in support of their position that plaintiff's claims against them should be dismissed. First, defendants argue that defendant Sheriff Bunch cannot be held liable for the acts of defendant Garig under a theory of respondeat superior because he was not involved in the investigation or the decision to arrest plaintiff and plaintiff has failed to identify unconstitutional policies or procedures adopted or enforced by Bunch that resulted in plaintiff's injuries. Second, defendants argue that both Sheriff Bunch and Sgt. Garig are protected from claims against them based on qualified

immunity. Finally, defendants argue that plaintiff is not entitled to punitive damages under Section 1988 or attorney's fees under Section 1983.

Plaintiff responds by arguing that his claims against the defendants are not barred by qualified immunity because defendant Garig acted in bad faith by arresting plaintiff while having knowledge of specific evidence that negates probable cause for arrest. Further, plaintiff argues that due to the length of time between the burglaries (March 19, 2006 and June 28, 2007) and the date of plaintiff's second arrest (April 11, 2008), it is likely that defendant Sheriff Bunch had actual or constructive knowledge of the actions taken by defendant Garig in investigating and arresting plaintiff; therefore, defendant Sheriff Bunch is not entitled to qualified immunity and should be held liable for the acts of defendant Garig.

### **Summary Judgment Standard**

Summary judgment shall be granted when there are no genuine issues as to any material facts and the moving party is entitled to a judgment as a matter of law. Federal Rule of Civil Procedure 56. When a motion for summary judgment is properly made and supported under Rule 56(c), the opposing party may not rest on the mere allegations of his pleadings, but rather must come forward with "specific facts" showing that there is a genuine issue for trial. *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); Fed.R.Civ.P. 56(e). The non-movant's evidence is to be believed for purposes of the motion and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). However, summary judgment must be entered against the plaintiff herein, on a properly supported defense motion, if he fails to

make an evidentiary showing in his opposition to the motion sufficient to establish the existence of an element essential to his claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986).

**Law and Discussion**

Plaintiff's complaint is unclear as to whether his claims for monetary damages are brought against defendants in their official and/or individual capacities. The Eleventh Amendment to the United States Constitution, however, prohibits the bringing of lawsuits for monetary damages in federal court against a state, its agencies, or persons acting as official representatives thereof. See *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The court in *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), explained the difference between official capacity suits and individual capacity suits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. Id. Thus, to the extent that plaintiff alleges claims for monetary damages against defendants in their official capacities, they are dismissed, with prejudice.

Notwithstanding, a suit against a state official in his individual or personal capacity seeks to impose individual liability upon a government official for actions taken by the official under color of state law. Thus, a showing by the plaintiff that a state official, acting individually and under color of state law, has caused the deprivation of the plaintiff's federal rights, is enough to establish personal liability in a § 1983 lawsuit. Id. Accordingly, plaintiff in this case may seek to recover monetary damages from defendants insofar as defendants are sued in their individual capacities for actions taken by them which caused

the alleged deprivation of plaintiff's constitutional rights. Thus, the court will analyze plaintiff's claims against defendants in their individual capacities.

Turning to plaintiff's claims which have been asserted against defendants in their individual capacities, plaintiff generally alleges that defendants violated his Fourth and Fourteenth Amendment rights to be free from arrest without probable cause[3]; Sixth Amendment right to be informed of the nature and cause of the accusation against him; and Fourteenth Amendment right not to be deprived of life, liberty, or property without due process of law and right to equal protection of the law (rec. doc. 1, ¶XVI). The court now addresses defendants' defenses to plaintiff's claims that his constitutional rights were violated.

**Qualified Immunity**

Defendants allege that they are entitled to qualified immunity in connection with certain of plaintiff's claims. Specifically, defendants contend that plaintiff has failed to make sufficient allegations of conduct on their part which rises to the level of a violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Hale v. Townley*, 45 F.3d 914 (5th Cir.1995). As enunciated in *Saucier v. Katz*, 533U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct

---

[3] Plaintiff's petition alleges violations of his right to be free from arrest without probable cause and violation of his right to be free from unreasonable search and seizure pursuant to the Fourth and Fourteenth Amendment; however, plaintiff only offers factual support for his claim for wrongful/false arrest. Furthermore, plaintiff does not mention his claim based on violation of his right to be free of unreasonable search and seizure in his opposition memorandum.

violated the plaintiffs constitutional rights. Second, the district court looks to whether the rights allegedly violated were clearly established. This inquiry is undertaken in light of the specific context of the case, not as a broad, general proposition. Id. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id.[4]

**Fourth and Fourteenth Amendment Claims Against Bunch and Garig**

Plaintiff alleges that his Fourth and Fourteenth Amendment rights were violated because defendant Garig did not have probable cause to arrest plaintiff and because defendant Bunch was aware of and approved of defendant Garig's actions in violation of plaintiff's constitutional rights.

Whether an arrest is illegal for purposes of Section 1983, hinges on whether there was probable cause for the arrest. *Sorenson v. Ferrie*, 134 F.3d 325 (5th Cir. 1998). Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense. *Mesa v. Prejean*, 843 F.3d 264 (5th Cir. 2008). The Fifth Circuit has held that where an arrest is made under authority of a properly issued warrant, the arrest is simply not a false arrest. *Smith v. Gonzales,* 670 F.2d 522, 526 (5th Cir. 1982), *citing Comer v. Lindley*, 318 Fed. Appx. 300 (5th Cir. 2007).

---

[4] The United States Supreme Court has recently held that rigid chronological adherence to the Saucier two-step methodology is no longer mandatory. *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009). Although the Saucier methodology will be "often beneficial", the *Callahan* Court leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis.

Although plaintiff's complaint does not mention that he was arrested pursuant to a warrant, it is undisputed that plaintiff was arrested on two occasions, each pursuant to a separate arrest warrant and each issued as a result of statements by co-conspirator Jarrell De' Andre Lewis that plaintiff was involved in the burglaries at issue in this case. See rec. doc. 12-3, Exhibit A - Affidavit of Garig; 12-8, Exhibit F - Affidavit of Nellie Thomas and Exhibit Thomas 1; 12-9, Exhibit G - Affidavit of Raymond Williams and Exhibit Williams 1.[5] The Justices of the Peace issuing the warrants found there to be probable cause to issue the arrest warrants based on the evidence presented by defendant Garig, which included Lewis' statements (rec. doc. 12, Exhibit A, rec. doc. 19, Exhibits F and G). In support of the motion, defendant offered Lewis' affidavit to substantiate his prior statements implicating plaintiff in the burglaries, which were uncontroverted by any evidence offered by plaintiff.

Plaintiff seems to argue, however, that the arrests nevertheless were invalid because defendant Garig was in bad faith at the time the warrants were issued and/or arrests made; that is, he allegedly knew he provided false or misleading information in order to obtain a warrant.[6] Although plaintiff offers several pieces of evidence in support of this argument, the evidence offered consists either of facts discovered *after* the arrest warrants were issued or of facts that do not affect the finding of probable cause. Facts discovered *after* the issuance of the arrest warrants and subsequent arrests go to the guilt

---

[5] Whether Lewis' statements eventually turned out to be true or false is irrelevant. What is relevant to the inquiry is what defendant Garig knew at the time the arrest warrants were issued.

[6] As stated earlier, plaintiff did not mention warrants in his memorandum, but the court will assume, for the sake of argument, that plaintiff's allegations with regard to bad faith apply to the uncontroverted facts, which includes the existence of two warrants.

or innocence of plaintiff and have no effect on whether probable cause existed at the time the arrest warrants were issued. Thus, plaintiff fails to offer evidence to raise a genuine issue of fact as to whether the warrants were improperly issued or whether defendants' conduct in arresting plaintiff violated plaintiff's constitutional rights.[7] Defendant Garig is, therefore, entitled to the defense of qualified immunity with respect to plaintiff's Fourth and Fourteenth Amendment claims.

Plaintiff alleges that defendant Bunch is liable for violations of his Fourth and Fourteeth Amendment rights based solely on his role as defendant Garig's supervisor. The law is clear that supervisors cannot be held vicariously liable for the actions of their subordinates. See *Monell v. Dept. of Social Services*, 436 U.S. 658, 691-95, 98 S.Ct. 2018, 2036-38, 56 L.Ed.2d 611 (1978); *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747 (5th Cir. 2009) (no liability exists under the doctrine of respondeat superior in Section 1983 actions). Supervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury. See *Mouille v. City of Live*

---

[7] Plaintiff offers the following evidence to negate probable cause and prove bad faith: (1) Larry Wilson, Jr.'s April 14, 2009, statement that his wife and child saw two men (not Johnson) near their home, one with a cut hand, both in possession of items from Wilson's home, who admitted to burglarizing Wilson's home. This statement was provided after the arrest warrants were issued and plaintiff was arrested (rec. doc. 19, Exhibit B); (2) Gladiola Williams' March 27, 2008, statement that the burglaries did not occur until Jarrell Lewis returned to the neighborhood and that there appeared to be a grudge against plaintiff. The facts regarding the burglary of Gladiola Williams' home were not used in support of the arrest warrants issued, but even if they were, the statement does not negate probable cause for an arrest for the other two burglaries, which was established by the statement of a co-conspirator (Id., Exhibit C); (3) Information regarding plaintiff's time card. Defendant Garig was not aware of the facts concerning plaintiff's time card until after the warrants were issued and plaintiff was arrested. Even if defendant Garig had prior knowledge of the information on the time cards, probable cause would still exist in light of the fact that one of the time cards indicates that plaintiff took a vacation day on June 28, 2007, the day of one of the burglaries (Id., Exhibit D); (4) Plaintiff's affidavit wherein he denies involvement in the burglaries and states that he was never found in possession of items from the burglaries and was never prosecuted for the charges of burglary. Plaintiff's post-arrest denials do not establish that defendants did not have probable cause for the arrest warrants at the time of issuance (Id., Exhibit G).

*Oak, Tex.*, 977 F.2d 924 (5th Cir. 1992), citing *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987); see also *Grandstaff v. City of Borger*, 767 F.2d 161, 169-70 (5th Cir.1985), cert. denied, 480 U.S. 916, 107 S.Ct. 1369, 94 L.Ed.2d 686 (1987).

Plaintiff has failed to offer any evidence whatsoever showing that defendant Bunch affirmatively participated in or had constructive knowledge of the acts that caused his alleged constitutional deprivation or that Sheriff Bunch implemented or enforced specific policies that resulted in plaintiff's injury. Moreover, plaintiff's argument that it is "probable" that Sheriff Bunch was aware of the allegedly unconstitutional acts of defendant Garig due to the length of time between the March 14, 2006, burglary of Gladiola Williams' home and the time plaintiff was arrested in March and April 2008, is nothing more than speculation, with no basis in fact. The undisputed facts indicate that although the burglaries at issue in this case occurred on March 19, 2006, June 28, 2007, and March 14, 2008, defendant Garig only became aware of plaintiff's involvement in the burglaries on March 14, 2008, and April 11, 2008, as a result of statements provided by Lewis and Harris.[8] Defendant Garig sought arrest warrants pursuant to these statements on March 18, 2008, and April 11, 2008. Thus, plaintiff's argument that the passage of time proves that Sheriff Bunch was aware of defendant Garig's actions is unfounded and does not raise a genuine issue of fact with respect to whether defendant Sheriff Bunch had actual or constructive knowledge of defendant Garig's actions. Plaintiff has failed to present any facts in support of his allegations that Sheriff Bunch's conduct violated the plaintiffs constitutional rights; therefore,

---

[8] See facts on page 2.

defendant Bunch is entitled to qualified immunity with respect to plaintiff's Fourth and Fourteenth Amendment claims.

**Sixth and Fourteenth Amendment Claims**

Plaintiff's complaint also contains vague allegations that defendants violated his rights under the Sixth and Fourteenth Amendments. The complaint states only and generally that defendants violated "the right of the plaintiff to be informed of the nature and cause of the accusations against him under the Sixth and Fourteenth to the United States Constitution" and "the right of plaintiff not to be deprived of life, liberty or property without due process of law, and the right to equal protection of law, secured by the Fourteenth Amendment of the Constitution of the United States" (rec. doc. 1). Based on these general allegations, which are without reference to any specific facts, it appears that plaintiff alleges that he was arrested and not timely or properly charged with a crime. Neither plaintiff's complaint nor his opposition to the motion for summary judgment, however, contain facts, either generally or with respect to the named defendants, to support his allegations that his rights under the Sixth or Fourteenth Amendments were violated. Further, while plaintiff has failed to offer evidence to support his allegations, defendants have offered evidence tending to show there were no such violations. In fact, although vague as to the timing and the nature of the charges, the evidence offered by both plaintiff and defendants indicates that plaintiff was charged with one or more crimes in connection with the burglaries at issue in this case.[9] Thus, in light of plaintiff's failure to allege facts

---

[9] For example, defendant Garig's affidavit states that plaintiff was charged with burglary and aggravated flight (rec. doc. 12-3, Exhibit A); prosecutor Kathryn Jones' affidavit states that the "charge of simple burglary was amended and the defendant, Andrea Johnson, pled guilty to the crime of aggravated flight from an officer, which is a felony" (rec. doc. 12-7, Exhibit E); plaintiff's complaint references "burglary charges" that were dropped (rec. doc. 1); plaintiff's statement of undisputed facts states that "[p]laintiff was arrested on

-11-

against these defendants to support a claim for violations of his Sixth and Fourteenth Amendments or even to offer evidence to raise a genuine issue of fact that he was not charged with a crime, defendants are entitled to summary judgment on plaintiff's Sixth and Fourteenth Amendment claims.

**Conspiracy to Commit Constitutional Violations**

Plaintiff also alleges that defendants conspired to violate plaintiff's constitutional rights in coercing and intimidating him to plead guilty to the charge of burglary (rec. doc. 1). In order to prevail on a Section 1983 conspiracy claim, a plaintiff must establish (1) the existence of a conspiracy involving state action and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy. *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1187 (5th Cir. 1990), *overturned on other grounds by Hare v. City of Corinth*, 74 F.3d 663 (5th Cir. 1996). A conspiracy claim is not actionable without an actual violation of Section 1983. *Hanna v. Home Ins. Co.*, 281 F.2d 298, 303 (5th Cir. 1960).

To establish the existence of a conspiracy, a plaintiff "must show that the defendants agreed to commit an illegal act." *Arsenaux v. Roberts*, 726 F.2d 1022 (5th Cir. 1982). Plaintiff has failed to produce any direct or circumstantial evidence of an agreement between these defendants to violate his right, or indeed, any facts that show any relationship whatsoever between these defendants and plaintiff's subsequent decision to plead guilty to anything; therefore, he has failed to offer specific facts to establish a genuine

---

a charge of aggravated flight on April 11, 2008,..." (rec. doc. 19); defendant Garig's supplemental report states that plaintiff was charged with two counts of simple burglary of an inhabited dwelling and two counts of contributing to the delinquency of a minor (Id., Exhibit A); and plaintiff's affidavit states that he was charged with burglary (Id., Exhibit G).

issue for trial. Thus, defendants' motion for summary judgment should be granted with respect to plaintiff's conspiracy claim.

Additionally, in the event plaintiff intended the conspiracy to be somehow connected to the arrest or the charges, as set forth above, plaintiff has failed to raise a genuine issue of fact with respect to the elements of a Fourth, Sixth, or Fourteenth Amendment violation; therefore, there are no constitutional claims remaining in this lawsuit on which to base a claim for conspiracy to commit constitutional violations.

### Punitive Damages and Attorney's Fees

Plaintiff seeks attorney's fees and punitive damages as a result of defendants' actions in violation of plaintiff's civil rights. See 28 U.S.C. §§1988 (attorney's fees) and 28 U.S.C. 1983 (punitive damages). The court recommends that defendants' motion for summary judgment be granted and all of plaintiff's claims dismissed, with prejudice; therefore, plaintiff's request for attorney's fees and punitive damages is moot.

### State Law Claims

Finally, in light of the recommended disposition of plaintiff's federal claims, the record supports an additional recommendation that the Court should not exercise pendent jurisdiction over plaintiff's state law claims including, but not limited to, claims for false arrest, false imprisonment, negligence, and/or conspiracy. The general rule in the Fifth Circuit is to decline to exercise jurisdiction over pendent state law claims when all federal claims are resolved prior to trial. *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999). See 28 U.S.C. §1367(c)(3).

### **RECOMMENDATIONS**

For the reasons assigned, it is the recommendation of the Magistrate Judge that the motion for summary judgment (rec. doc. no. 12) should be **GRANTED** and plaintiff's federal claims under 42 U.S.C. § 1983 and 1988 against defendants should be **DISMISSED with prejudice**. It is further recommended that pendent jurisdiction should not be exercised with respect to plaintiff's state law claims.

Signed in Baton Rouge, Louisiana, on January 18, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ANDREA JOHNSON                 CIVIL ACTION

VERSUS                             NUMBER 09-150-FJP-DLD

TALMADGE BUNCH, SHERIFF EAST
FELICIANAN PARISH, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 18, 2011.

                                                  **MAGISTRATE JUDGE DOCIA L. DALBY**